**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Tahara Gainey,                                              Civ. No. 18-3114 (NEB/BRT)

        Petitioner,

v.                                                                  **REPORT AND RECOMMENDATION**

Warden Nanette Barnes,

        Respondent.

In an order dated November 20, 2018, this Court explained that the habeas corpus petition submitted by Tahara Gainey in this matter was too cursory to put either the respondent or the Court on notice of the claims being raised in this proceeding. *See* Doc. No. 2. Moreover, there were substantial doubts whether this Court had jurisdiction over any claims that might be raised in this litigation, in light of the exclusive-remedy rule of 28 U.S.C. § 2255(e). Gainey was given 30 days in which to supplement her habeas corpus petition and explain the basis for the Court's jurisdiction, failing which it would be recommended that this action be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Gainey has not filed a supplement to her petition. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a

plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: January 3, 2019           *s/ Becky R. Thorson*
                                 BECKY R. THORSON
                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).